UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAMZI KAKISH,<br><br>                    Plaintiff,<br><br>   -against-<br><br>STREETWORK PROJECT, SAFE HORIZON; CAROLYN STRUDWICK, ASSOCIATE VICE PRESIDENT,<br><br>                    Defendants. | 21-CV-6264 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Ramzi Kakish brings this *pro se* action alleging that his employer has discriminated against him based on his sex. The Court construes Plaintiff's claims as arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, and the New York State and City Human Rights Laws, N.Y. Exec. Law §§ 290 to 297; N.Y.C. Admin. Code §§ 8-101 to 131. By order dated July 27, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Ramzi Kakish brings his claims using the Court's general complaint form.[1] Plaintiff checks the box on the form to invoke the court's federal question jurisdiction, and in

---

[1] The complaint does not specify Plaintiff's sex. For the purposes of this order, the Court assumes Plaintiff identifies as male.

2

response to the question on the form asking which of his federal constitutional or federal statutory rights have been violated, Plaintiff writes, "Discrimination based on sex at workplace." (ECF 2, at 2.) He sues his former employer, Streetwork Project, and its Associate Vice President Carolyn Strudwick.

> The "facts" section of the complaint form reads in its entirety:
>
> I was assigned desperate [sic] duties based on my sex. There was an attempt by a coworker to coerce me into taking orders. This person said in front of clients and another coworker "that's a man!" about me. She was trying to force me to do a job task that I was not assigned nor did I agree to. I was assigned to do the same duties as she was in that shift. She is not a supervisor or management and therefore did not have authority to tell me what to do. Management at Streetwork Project knew how she treated me and did nothing about it. I voiced my concerns to supervisors. I specifically told them that this coworker is "delegating" my tasks and I was unhappy about this. They did not do anything to help. The same coworker was sexually inappropriate. She slapped a sandwich in a sexual manner and made a joke mocking that I'm a "virgin" and laughed. I have mentioned that it was my first time trying a plastic face mask. This occurred in April 2020 at the beginning of the pandemic.

(*Id.* at 5.)

Plaintiff alleges that he received medical and psychiatric treatment "immediately after quitting" his job at Streetwork Project on November 2, 2020. He maintains that he has been on psychotropic medications to manage his symptoms "that were reinstated while on the job." (*Id.* at 6.)

Plaintiff alleges that he has been unemployed throughout 2021 and seeks "a year salary of $41,000" since he has "been on unemployment since leaving the job." (*Id.*) Plaintiff also seeks "additional money for damages to [his] mental health." (*Id.*)

## DISCUSSION

**A.     Title VII claims**

Because Plaintiff alleges that his employer discriminated against him on the basis of his sex, the Court construes the complaint as asserting claims under Title VII of the Civil Rights Act

of 1964. Title VII provides that "[i]t shall be an unlawful employment practice for an employer … to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). This antidiscrimination provision prohibits employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

"A plaintiff sustains an adverse employment action if he or she endures a materially adverse change in the terms and conditions of employment." *Id.* at 85 (citation omitted). "An adverse employment action is one which is more disruptive than a mere inconvenience or an alteration of job responsibilities." *Id.* (citation omitted). Examples include "termination of

4

employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." *Id.* (citation omitted).

Plaintiff fails to allege sufficient facts to state a claim under Title VII. Plaintiff's allegation that a female coworker tried to assign him unspecified tasks does not suggest that Plaintiff suffered a "materially adverse change in the terms and conditions of employment," *Vega*, 801 F.3d at 85. Moreover, Plaintiff's allegation that his female coworker referred to Plaintiff by saying "that's a man," does not suggest his employer discriminated against him on the basis of his sex.

The Court construes Plaintiff's allegations that his female coworker made a sexually inappropriate joke as asserting claims for a hostile work environment. To state a claim for a hostile work environment in violation of Title VII, a plaintiff must allege facts suggesting that the complained of conduct: "(1) is objectively severe or pervasive – that is, . . . creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's sex." *Patane*, 508 F.3d at 113 (internal quotation marks and citations omitted). Here, Plaintiff fails to allege facts suggesting that the incident complained of – a single inappropriate joke told by a non-supervisory coworker – created an environment that a reasonable person would find abusive or hostile. Plaintiff therefore fails to state a claim based on a hostile work environment.

The Court grants Plaintiff leave to file an amended complaint alleging any additional facts that may enable him to state a claim against Streetwork Project under Title VII.

### B.     Claims against Strudwick

Plaintiff sues Carolyn Strudwick, Associate Vice President of Plaintiff's former employer. Individuals may not be held liable under the federal employment anti-discrimination statutes. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995) (holding that "an employer's agent may not be held individually liable under Title VII"). But an individual "who actually participates in the conduct giving rise to the discrimination claim may be held personally liable" under the New York State Human Rights Law. *Id.*; *Feingold v. New York*, 366 F.3d 138, 158 n.19 (2d Cir. 2004).

Here, Plaintiff does not allege any facts describing how Strudwick discriminated against him. The Court therefore grants Plaintiff leave to allege any facts suggesting that the Strudwick participated in any unlawful discriminatory conduct.

### C.     Exhaustion

Before filing suit under Title VII, a plaintiff must first file a timely charge with the Equal Employment Opportunity Commission ("EEOC") and obtain a Notice of Right to Sue. *See* 42 U.S.C. § 2000e-5(e)(1); *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 146 (2d Cir. 2012).

In New York, this charge must be filed with the EEOC within 300 days of the alleged act of discrimination. 42 U.S.C. § 2000e-5(e)(1); *see Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002); *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 325-28 (2d Cir. 1999). Exhaustion of administrative remedies is not, however, jurisdictional, but like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)); *see also Fernandez v. Chertoff*, 471 F.3d 45, 58 (2d Cir. 2006) ("Because [the] failure to exhaust [one's] administrative remedies is not a jurisdictional defect, it is subject to equitable defenses."). A civil action must be commenced within 90 days of receiving the notice of the right to sue. *See* 42 U.S.C. § 2000e-5(f)(1).

If Plaintiff files an amended complaint, he should allege any facts suggesting that he exhausted his administrative remedies by filing a charge of discrimination with the EEOC.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Title VII claim, the Court grants Plaintiff sixty days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

7

    d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-6264 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to transmit a copy of this order to Plaintiff. Plaintiff has consented to receive electronic service of notices and documents in this action. (ECF 2, at 9.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.

*Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 17, 2021
        New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

        -against-

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. Typically, the company or organization named in your charge to the Equal Employment Opportunity Commission should be named as a defendant.  Addresses should not be included here.)*

**AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

Jury Trial:  ☐ Yes   ☐ No
          *(check one)*

___ Civ. _____ ( ___ )

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
***NOTE:*** *In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
***NOTE:*** *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

_____ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
***NOTE:*** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____ New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

_____ New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

*Rev. 07/2007*          1

I.  **Parties in this complaint:**

A.  List your name, address and telephone number.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff   Name _____
          Street Address _____
          County, City _____
          State & Zip Code _____
          Telephone Number _____

B.  List all defendants' names and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant   Name _____
          Street Address _____
          County, City _____
          State & Zip Code _____
          Telephone Number _____

C.  The address at which I sought employment or was employed by the defendant(s) is:

          Employer _____
          Street Address _____
          County, City _____
          State & Zip Code _____
          Telephone Number _____

II. **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events.  Describe how you were discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts to support those claims.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.  The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

   _____   Failure to hire me.

   _____   Termination of my employment.

   _____   Failure to promote me.

   _____   Failure to accommodate my disability.

   _____   Unequal terms and conditions of my employment.

   _____   Retaliation.

*Rev. 07/2007*                                  2

|  |  | _____ | Other acts *(specify)*: _____. |

> *Note:* Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.

B. It is my best recollection that the alleged discriminatory acts occurred on: _____.
   *Date(s)*

C. I believe that defendant(s) *(check one)*:

   _____   is still committing these acts against me.

   _____   is not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

   ☐   race   _____        ☐   color   _____

   ☐   gender/sex   _____          ☐   religion_____

   ☐   national origin   _____

   ☐   age.   My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

   ☐   disability or perceived disability, _____ *(specify)*

E. The facts of my case are as follow *(attach additional sheets as necessary)*:

   _____
   _____
   _____
   _____
   _____
   _____
   _____

> *Note:* As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.

### III. Exhaustion of Federal Administrative Remedies:

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B. The Equal Employment Opportunity Commission *(check one)*:

       _____    has not issued a Notice of Right to Sue letter.

       _____    issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

> *Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.    Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

    _____    60 days or more have elapsed.

    _____    less than 60 days have elapsed.

## IV.   Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____

_____
*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this \_\_\_ day of _____, 20\_\_\_.

                        Signature of Plaintiff   _____

                        Address   _____

                                          _____

                                          _____

                                          _____

                        Telephone Number   _____

                        Fax Number *(if you have one)*  _____