UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAMZI KAKISH,<br><br>                                Plaintiff,<br><br>-against-<br><br>STREETWORK PROJECT, SAFE HORIZON; CAROLYN STRUDWICK, ASSOCIATE VICE PRESIDENT,<br><br>                                Defendants. | 21-CV-6264 (ER)<br><br>ORDER OF SERVICE |

EDGARDO RAMOS, United States District Judge:

      Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17 and the New York City and State Human Rights Laws, N.Y.C. Admin. Code §§ 8-101 to 131; N.Y. Exec. Law §§ 290 to 297, alleging that Plaintiff's employer discriminated against Plaintiff based on sex and national origin. By order dated July 27, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP").

## DISCUSSION

      Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the amended complaint until the Court reviewed the amended complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days

after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Streetwork Project, Safe Horizon and Carolyn Strudwick through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff. Plaintiff has consented to receive electronic service of notices and documents in this action. (ECF 1, at 9.)

3

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for Streetwork Project, Safe Horizon and Carolyn Strudwick, and deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated: September 7, 2021
       New York, New York

                                            EDGARDO RAMOS
                                    United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Streetwork Project, Safe Horizon
   209 W. 125th St, 2nd Floor
   New York, NY 10027

2. Carolyn Strudwick, LMSW
   209 W. 125th St, 2nd Floor
   New York, NY 10027